IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YOUSEFF HAMDI, on behalf of :
SAMI HAMDI, a minor child, :
:
Plaintiff, :
: Case No. 3:09cv030
vs. :
: JUDGE WALTER HERBERT RICE
JANET NAPOLITANO, SECRETARY :
DEPARTMENT OF HOMELAND :
SECURITY, et al., :
:
Defendants. :

DECISION AND ENTRY SUSTAINING DEFENDANTS' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. #7);
INJUNCTION PENDING APPEAL DENIED; JUDGMENT TO BE ENTERED
IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF, DISMISSING
THE CAPTIONED CAUSE WITHOUT PREJUDICE FOR LACK OF
SUBJECT MATTER JURISDICTION; TERMINATION ENTRY

Plaintiff Youseff Hamdi ("Youseff") brings this litigation on behalf of his son, Sami Hamdi ("Sami"), requesting that "this Court declare that the removal of [Sami's] mother [is] contrary to law[,] or in the alternative, declare that Youseff is legally present in the United States and that he be permitted to adjust his status thus permitting the adjustment of his mother or, in the alternative that the Court order Youseff into removal proceedings and vacate or stay the removal of the

[Sami's] mother during the pendency of these proceedings." Plaintiff's Amended Complaint (Doc. #9) at ¶ 15.

This case is before the Court on Defendants' Motion to Dismiss for want of Subject Matter Jurisdiction (Doc. #7). Defendants present three grounds in support of their motion, to wit: that Sami lacks standing to challenge the removal of his mother; that this Court is deprived of subject matter jurisdiction by 8 U.S.C. § 1252(g); and that the statutes and other materials cited by Plaintiff in his Amended Complaint (Doc. #9), as the source for this Court's exercise of subject matter jurisdiction, do not invest the Court with such jurisdiction. As a means of analysis, the Court will discuss those three arguments in the above order.[1]

1. Standing

Defendants argue that this Court is without subject matter jurisdiction, because Sami lacks standing to bring this litigation. Defendants contend that Sami has not suffered an injury-in-fact as a result of the threatened removal of his mother, since any legal injury that will flow from that action is her's. Doc. #7 at 4. See e.g., United Food and Commercial Workers Union Local 751 v. Brown Group, Inc., 517 544, 551 (1996) (noting that injury-in-fact is an "irreducible minimum" for establishing standing). The Court cannot agree with Defendants that Sami has failed to establish that he will suffer an injury-in-fact if his mother is removed from the United States, since the Defendants are conflating standing with the merits of

---

[1] The Court does not discuss separately the question of its subject matter jurisdiction over matter relating to Youseff's immigration issues. However, for the reasons that it agrees with the Defendants' second and third arguments, as they relate to Sami's mother, the Court also concludes that they prevent this Court from exercising subject matter jurisdiction over matters relating to Youseff.

- 2 -

this litigation.  See e.g., Pitt County v. Hotels.com, L.P., 553 F.3d 308, 312 (4th Cir. 2009) (in reversing dismissal by District Court for lack of standing/subject matter jurisdiction, noting that the District Court had conflated standing with the merits of the plaintiff's claim and that, in order to establish the injury-in-fact prong of standing, a plaintiff need not prevail on the merits); Club Italia Soccer & Sports Organization, Inc. v. Charter Twp. of Shelby, Mich., 470 F.3d 286, 292 (6th Cir. 2006) (same).  Indeed, only one of the cases cited by the Defendants in support of this argument, Agosto v. Boyd, 443 F.2d 917 (9th Cir. 1971), even mentioned standing, and that court merely stated in conclusory fashion that the plaintiff had failed to establish standing.  Herein, Sami alleges that he will suffer the loss of his primary care-giver, his mother, if she is removed.  That allegation is sufficient to establish an injury-in-fact.  Accordingly, the Court rejects the Defendants' assertion that it must dismiss this litigation for lack of subject matter jurisdiction, because Sami is without standing.

2.  Section 1252(g)

The Defendants also argue that this Court is deprived of subject matter jurisdiction by 8 U.S.C. § 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to</u> commence proceedings, adjudicate cases, or <u>execute removal orders against any alien under this chapter</u>.

(emphasis added).  Plaintiff contends that § 1252(g) does not deprive this Court of subject matter jurisdiction over this litigation, because it was not brought either <u>by

- 3 -

an alien or on behalf of an alien. While this litigation was not initiated by an alien, this Court concludes that it was initiated "of behalf of" an alien, Sami's mother.

In support of his position that this litigation was not brought on behalf of her, Plaintiff relies upon Kruer ex rel. S.K. v. Gonzales, 2005 WL 1529987 (E.D.Ky. 2005), wherein the court concluded that § 1252(g) did not deprive it of subject matter jurisdiction to hear an action by the minor child of an alien, in effect, challenging the removal of his mother, because the action had not been brought on behalf of the mother. The Kruer court wrote:

> Had this been such a proceeding initiated by [the alien subject to removal] herself, under 8 U.S.C. § 1252(g) this Court would have no jurisdiction over such a petition. The petition in this case was brought not by Mrs. Carpenter but by her children, who were not parties to their mother's deportation proceeding. As such, § 1252(g) does not apply to this situation.

Id. at *2. That court concluded that the litigation had not been brought on behalf of the mother, since plaintiff's petition did not so state and, further, she would merely be an indirect beneficiary of that litigation.[2] This Court cannot agree with the analysis of the Kruer court, since it interprets "on behalf of" too narrowly. In United States v. Romero, 293 F.3d 1120 (9th Cir. 2002), the Ninth Circuit held that "on behalf of," as used in § 2F1.1(b)(4)(A) of the Sentencing Guidelines, which requires a two-point enhancement for anyone acting "on behalf of," inter alia, a government agency, is defined "as 'in the interest of' or 'as the representative of.'" Id. at 1126 (quoting Webster's Third New International Dictionary). In this litigation Sami is acting "in the interest of" his mother, since, in order to eliminate

---

[2]Notably, although it concluded that it could exercise subject matter jurisdiction, the Kruer court concluded that the plaintiff had not prevailed on the merits of her claim.

the harm he alleges he will suffer if his mother is removed, he must prevent her removal. That is precisely what she attempted to do in the earlier litigation before this Court. See Elgharib v. Chertoff, Case No. 3:08cv394 (S.D.Ohio). It is also what Sami is attempting to do in this litigation. See Doc. #3 (Plaintiff's request for temporary restraining order, preventing the removal of his mother).

Accordingly, the Court concludes that § 1252(g) prevents it from exercising subject matter jurisdiction herein.[3]

3. Statutes and Other Materials Relied upon by Plaintiff

In an effort to comply with Rule 8(a)(1) of the Federal Rules Civil Procedure, requiring that a pleading setting forth a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction," Plaintiff alleges that this Court can exercise subject matter jurisdiction over this litigation, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et seq. See Plaintiff's Amended Complaint (Doc. #9) at p. 1-2. Neither of those statutes, however, invests this Court with subject matter jurisdiction to resolve this litigation.

It is axiomatic that the Declaratory Judgment Act is a remedial statute and that it does not serve as an independent basis for subject matter jurisdiction. See e.g., Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Assn. Inc., 287 F.3d 568, 575 (6th Cir. 2002).

---

[3]The Defendants have also cited 8 U.S.C. § 1252(b)(9) in support of this argument. Given that this Court concludes that § 1252(g) deprives it of subject matter jurisdiction, it is not necessary to explore the impact of § 1252(b)(9) on that question.

As to the APA, the parties argue over whether that statute applies to immigration matters. It is not necessary to resolve their argument in that regard, since the APA is not an independent source of subject matter jurisdiction. In Michigan Dept. of Environmental Quality v. U.S. E.P.A., 318 F.3d 705 (6th Cir. 2003), the Sixth Circuit explained:

> The APA does not provide a federal court with any independent basis for jurisdiction. See Califano v. Sanders, 430 U.S. 99, 106-07 (1977). Rather, the APA prescribes standards for judicial review of an agency action, once jurisdiction is otherwise established. See Dixie Fuel Co. v. Commissioner of Soc. Sec., 171 F.3d 1052, 1057 (6th Cir. 1999) (citing Califano, 430 U.S. at 107).

Id. at 709.

In addition, Plaintiff has cited a number of treaties as sources of subject matter jurisdiction. See Plaintiff's Amended Complaint (Doc. #9) at p. 1-2. In their motion, Defendants argue that those treaties are not a source of subject matter jurisdiction, since they are not self-executing. See Doc. #7 at 11. This Court agrees with the Defendants. Thap v. Mukasey, 544 F.3d 674, 676 (6th Cir. 2008) (holding that non-self-executing treaties do not constitute judicially enforceable laws). To become judicially enforceable, legislation must be enacted to carry out the details and intent of the treaties. Rather than attempting to counter the Defendants' assertion in his memorandum in opposition (Doc. #8), Plaintiff contends that this Court can exercise subject matter jurisdiction herein in accordance with "the customs and usages of civilized nations." The Court cannot agree. In Naoum v. Attorney General, 300 F. Supp.2d 521, 527 (N.D.Ohio 2004), the case on which Plaintiff relies, the court addressed the applicability of "the customs and usages of civilized nations" in the context of ruling on a motion

seeking dismissal of the plaintiff's challenge to a removal proceeding for failure to state a claim upon which relief can be granted, rather than for lack of subject matter jurisdiction. Thus, the Naoum court did not address the issue of subject matter jurisdiction. Plaintiff has not cited, nor has research found any decision suggesting that "the customs and usages of civilized nations" provides the basis for exercising subject matter jurisdiction herein.

Based upon the foregoing, the Court sustains the Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #7). Judgment is to be entered in favor of Defendants and against Plaintiff, dismissing this litigation without prejudice for lack of subject matter jurisdiction.

Anticipating that the Plaintiff will seek an injunction pending appeal, preventing the removal of Sami's mother, this Court hereby denies same, in order to afford him the opportunity of seeking such relief immediately from the Sixth Circuit, given that her removal date could be as early as March 11, 2009. See Doc. #10. In order to determine whether to grant such relief, a court must consider the same factors that it would consider when ruling on a request for a preliminary injunction, i.e., "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." Michigan Coalition of Radioactive Users Coalition, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). Therein, the Sixth Circuit noted that, while the "probability of

success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay[,] … the movant is always required to demonstrate more than the mere 'possibility' of success on the merits." Id. For instance, "even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, 'serious questions going to the merits.'" Id. at 153-54. For the reasons set forth above, this Court concludes that the Plaintiff has failed to demonstrate serious questions going to the merits, or even a possibility of success on merits, on the question of whether this Court can exercise subject matter jurisdiction over this litigation. Therefore, Plaintiff has failed to demonstrate that he is entitled to an injunction pending appeal.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 6, 2009

>   /s/ Walter Herbert Rice
>   WALTER HERBERT RICE, JUDGE
>   UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.